IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

KASON TRENT FISHER                                                                                  PLAINTIFF

v.                                      Civil No.      4:23-cv-04073-SOH-BAB

OFFICER PEYTEN SNIDER                                                                          DEFENDANTS

## REPORT AND RECOMMENDATION

Plaintiff, Kason Trent Fisher, currently a pretrial detainee of the Little River County Detention Center ("LRCDC"), filed this action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915A(a). Pursuant to Section 1915A(a), the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

### I.  BACKGROUND

Plaintiff filed his original Complaint, *pro se*, on August 7, 2023. (ECF No. 1). On the same day, Plaintiff filed his application to proceed *in forma pauperis* which the Court granted. (ECF Nos. 2-3). At the Court's direction, Plaintiff filed an Amended Complaint on August 16, 2023. (ECF No. 7). Plaintiff then filed a Second Amended Complaint on August 25, 2023. (ECF No. 8).

In his Second Amended Complaint, Plaintiff makes one claim against Defendant Snider in his individual capacity only.[1] (ECF No. 8, pp. 4-5). Plaintiff claims Defendant violated his constitutional rights by denying him medical care. Specifically, Plaintiff claims he felt his heart racing on July 8, 2023, and he thought he was having an anxiety attack. Plaintiff requested Defendant check his blood pressure. Defendant declined to do so. The next day EMTs evaluated Plaintiff on the same issue. Plaintiff's heart was beating 140 beats per minute, and the EMTs told Plaintiff it was "possibly an anxiety attack." (ECF No. 8, pp. 4-5). Plaintiff requested the following as relief in his Complaint: "I would like the court to sue for $500,000 . . . I believe I'm entitled to these damages because I was suffering." *Id*. at 9.

## II.     APPLICABLE STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

---

[1] Plaintiff's Second Amended Complaint differs from the First Amended Complaint only in that Plaintiff makes clear his claims against Defendant are in Defendant's individual capacity.

2

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. DISCUSSION

Plaintiff's claims shall be dismissed for failure to state a claim if it appears beyond a doubt the Plaintiff's complaint can prove no set of facts to support the plaintiff's purported cause of action. *See Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 740 (8th Cir. 2001). The facts set forth in Plaintiff's Complaint do not support any plausible cause of action for relief under 42 U.S.C. § 1983.

While a pretrial detainee's denial of medical care claim arises under the Due Process Clause of the Fourteenth Amendment, the Eighth Circuit analyzes such claims under the deliberate indifference standard of the Eighth Amendment. *See e.g. Morris v. Cradduck,* 954 F.3d 1055 (8th Cir. 2020) (pretrial detainee has the same rights to medical care under the Due Process Clause as an inmate has under the Eighth Amendment). The Court therefore analysis Plaintiff's claim under the Eighth Amendment's deliberate indifference standard. *Id.* at 1058.

The Eighth Amendment prohibition on cruel and unusual punishment prohibits deliberated indifference to the serious medical needs of prisoners. *Luckert v. Dodge County,* 684 F.3d 808, 817 (8th Cir. 2012). To succeed on this type of claim, Plaintiff must demonstrate (1) that he had an objectively serious medical need, and (2) that the Defendants actually knew of, but deliberately disregarded, that serious medical need. *See Ivey v. Audrain Cty., Mo.*, 968 F.3d 845, 848 (8th Cir. 2020). "A serious medical need is one that has been diagnosed by a physician as requiring

treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997) (internal quotation and citation omitted). "To demonstrate that a defendant actually knew of, but deliberately disregarded, a serious medical need, the plaintiff must establish a mental state akin to criminal recklessness: disregarding a known risk to the [detainee's] health." *Barton v. Taber*, 908 F.3d 1119, 1124 (8th Cir. 2018) (internal quotations and citations omitted). The Eighth Circuit has stated that this "onerous standard requires a showing more than negligence, more than even gross negligence, but less than purposefully causing or knowingly bringing about a substantial risk of serious harm to the inmate." *Thompson v. King*, 730 F.3d 742, 747 (8th Cir. 2013) (internal quotations and citations omitted).

Deliberate indifference may also be manifested by "prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle v. Gamble,* 429 U.S. 97, 104–05 (1976). However, the "Constitution does not require jailers to handle every medical complaint as quickly as each inmate might wish." *Jenkins v. County of Hennepin, Minn.,* 557 F.3d 628, 633 (8th Cir. 2009). "A prisoner alleging a delay in treatment must present verifying medical evidence that the prison officials ignored an acute or escalating situation or that these delays adversely affected his prognosis[,]" *Holden v. Hirner*, 663 F.3d 336, 342 (8th Cir. 2011) (internal quotation and citation omitted), unless the need for medical attention is obvious to a layperson, in which case the plaintiff need not submit verifying medical evidence to show the detrimental effects of delay. *See Schaub v. VonWald,* 638 F.3d 905, 919 (8th Cir. 2011) (citing *Roberson v. Bradshaw*, 198 F.3d 645, 648 (8th Cir. 1999)); *Boyd v. Knox*, 47 F.3d 966, 969 (8th Cir. 1995) (holding a three-week delay, "coupled with knowledge of inmate-patient's suffering, can support a finding of an Eighth Amendment violation").

Plaintiff states in his Complaint he was provided with medical evaluation the day after his initial complaint.  Accordingly, medical care was not denied but instead delayed by approximately twenty-four hours.  Plaintiff does not allege any treatment was given by the EMTs after they evaluated him and diagnosed him with an anxiety attack.  Accordingly, there is no allegation Plaintiff needed treatment.  Further, Plaintiff does not allege the 24-hour delay caused any detrimental effect to him.  When a delay in medical treatment is the alleged constitutional deprivation, the objective seriousness of the deprivation must also be measured by reference to the effect of delay in treatment.  As a result, to succeed on a delay in medical treatment claim, the plaintiff "must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment."  *Laughlin v. Schriro*, 430 F.3d 927, 929 (8th Cir. 2005) (quotations omitted) (quoting *Crowley v. Hedgepeth*, 109 F.3d 500, 502 (8th Cir. 1997)).  Plaintiff did not allege any detrimental effect of the delay in his Complaint.

Accordingly, Plaintiff's allegations to not rise to the level of deliberate indifference, thus, he fails to state a claim upon which relief may be granted.

## V.     CONCLUSION

For these reasons, it is recommended that Plaintiff's Complaint be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 26th day of September 2023.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE